UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- x

JOHN DOE,

                                        Plaintiff,        07 CV 8479 (AKH) (MHD)

                    -against-
                                                          **SCHWARTZ DECLARATION
ALEYA A. KUSUM, ALI SHARIFF, WELLS FARGO                  IN OPPOSITION TO
BANK, NA, and NEW YORK CITY,                              PLAINTIFF'S MOTION FOR A
                                                          PRELIMINARY INJUNCTION**
                                        Defendants.

-------------------------------------------------------------------- x

      **ALLEN SCHWARTZ,** hereby declares, pursuant to 28 U.S.C. § 1746 subject to the penalties of perjury, that the following statements are true:

      1.    I have been a member of the New York City Police Department ("NYPD") for eleven years. I am the Deputy Managing Attorney in the Legal Bureau of the Civil Enforcement Unit. Specifically, I supervise the Manhattan Nuisance Abatement team for the Civil Enforcement Unit.

      2.    The Manhattan Nuisance Abatement team is comprised of six attorneys. We handle cases in Patrol Borough Manhattan South (below 59th Street, East and West) and Patrol Borough Manhattan North (above 59th Street, East and West). We commence over two hundred nuisance abatement actions a year in New York State Supreme Court.

      3.    I submit this declaration in opposition to plaintiff's motion for a preliminary injunction, based on my personal knowledge of the facts, my review of NYPD documents, and my communications with NYPD and other City personnel.

      4.    I have been informed by counsel that plaintiff alleges that the City has a "tacit policy and pattern and practice of allowing public nuisances of the Crack House type to

persist in neighborhoods, such as West Harlem, dominated by people of color. In City neighborhoods...with predominantly Caucasian populations, the City acts far more expeditiously to abate nuisances..." (Complaint ¶24). For example, plaintiff alleges "[i]f the Crack House were located on East 73rd street between Fifth and Madison Avenues, the City would not allow it to operate for fifteen minutes." (Complaint ¶24). However, no such disparate treatment of public nuisances exists.

5.      I have gathered information on nuisance abatement activity for this year and the past three years. Specifically, I created a list of nuisance abatement litigation commenced for the 19th Precinct (the Upper East Side) and for the 30th, 33rd and 34th Precincts (Washington Heights) since 2004. The subject premises, 546 W. 148th Street, is located in the 30th precinct.

6.      The following numbers reflect nuisance abatement actions where either Temporary Restraining Orders or Temporary Closing Orders were obtained. Also included are the pending cases in the 19th, 30th, 33rd, and 34th precincts.

### Nuisance Abatement Litigation

| Year | 19th | 30th | 33rd | 34th |
|------|------|------|------|------|
| 2004 | 12 | 24 | 30 | 39 |
| 2005 | 17 | 12 | 9 | 15 |
| 2006 | 15 | 20 | 16 | 29 |
| 2007 | 5 | 18 | 9 | 15 |

### Pending Cases

| Year | 19th | 30th | 33rd | 34th |
|------|------|------|------|------|
| 2007 | 0 | 8 | 8 | 3 |

7.      As reflected in this data, the City has commenced nuisance abatement litigation more often in Washington Heights and in the 30th precinct in particular than on the

Upper East Side. Thus, there is no merit to plaintiff's contention that there is disparate treatm nt of public nuisances by the City.

Dated:      New York, New York
           October 9, 2007

                                                      ALLEN SCHWARTZ