UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

JOHN DOE,

                                                          Plaintiff,

-against-

ALEYA A. KUSUM, ALI SHARIFF, WELLS FARGO
BANK, NA, and NEW YORK CITY,

                                                        Defendants.

**VANCE DECLARATION IN OPPOSITION TO PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION**

07 Civ. 8479
(AKH)(MHD)

------------------------------------------------------------------x

       **TIMOTHY VANCE** declares, under penalty of perjury, pursuant to 28 U.S.C. § 1746, as follows:

       1.      I became a uniformed member of the New York City Police Department ("NYPD") on January 26, 1982. My current NYPD rank is Sergeant. I am also an attorney.

       2.      I commenced a leave of absence from the NYPD in May 1988 in order to become the original Director of the Narcotics Control Unit at the New York City Department of Housing Preservation and Development ("HPD").

       3.      I make this declaration in opposition to plaintiff's motion for a preliminary injunction directing the City to take certain law enforcement actions with respect to the building located at 546 West 148 Street, Manhattan (the "subject premises").

       4.      The NCU works on approximately 400 residential buildings each year. We participate in the development of a comprehensive plan to address the drug operations at each building that is referred to us. We work with property management to implement important anti-crime measures at those buildings. We provide guidance to managing agents on the eviction

of drug dealers. We assist the NYPD by providing vital information about the drug-dealing operations at buildings that are referred to them for further action.

5. I have been informed by counsel that plaintiff alleges a deliberate neglect by the City of public nuisance conditions in "neighborhoods, such as West Harlem, dominated by people of color" (Ver. Comp. ¶ 24). Contrary to plaintiff's allegation, our unit has worked at about 200 buildings within walking distance of this property during the past 15 years.

6. The subject premises were assigned to a member of NCU on September 21, 2007. We are now in the initial process of developing a plan to address the issues at this property. Any steps that might be taken without being part of a comprehensive plan might very well backfire. In particular, the application by plaintiff that this Court order the posting of an NYPD police officer in front of the subject premises twenty-four hours per day might be detrimental to the possibility of eventual success at this location. It would not be prudent to provide a more detailed explanation in these papers. At the Court's request, further information can be given in an in camera discussion off the record.

7. Based on my years of experience as a member of the NYPD and as director of the NCU, I urge that this Court deny plaintiff's application for injunctive relief and allow the City agencies involved in the subject premises to determine how to address the problems.

Dated:    New York, New York
          October 9, 2007

_____
TIMOTHY VANCE

Vance Declaration                                    - 2 -