Violet Elizabeth Grayson (VEG-2792)
Scarola, Ellis LLP
888 Seventh Avenue – 45th Floor
New York, N.Y 10106
(646) 406-1512

Attorney for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------X
John Doe,

          Plaintiff,

     -against-

Aleya A. Kusum, Ali Shariff,
Wells Fargo Bank, NA, and
New York City,

          Defendants.
---------------------------------------------------------------X

ECF Case
No. 07 Civ. 8479 (AKH)

DECLARATION OF
VIOLET ELIZABETH
GRAYSON RE NOTICE
TO OWNER
DEFENDANTS

I, Violet Elizabeth Grayson declare:

1. I am a member of the Bar of this Court and counsel of record for Plaintiff herein. I make this declaration to place before the Court information known to me personally demonstrating that the owner defendants had actual knowledge of this Court's Order to Show Cause, and deliberately failed to respond to it.

2. After receiving a copy of this Court's Order to Show Cause, I promptly arranged for its personal service upon each of the defendants. To effect service on defendants Aleya Kusum and Ali Sharif, I placed the pertinent court papers (i.e. Order to Show Cause, Verified Complaint, Issued Summons', Memorandum of Points and Authorities, Grayson Declaration) with New York Server, a process server in which my

1

prior dealings had given me confidence, and requested immediate service of the papers on Kusum and Sharif at their residence located at 8716 Homelawn Street, Apt 3G, Jamaica, New York, 11432.

3. I have been informed by New York Server's principal, Michael Levey, that the papers were served at the foregoing address early on the morning of October 4, 2007.

4. Later on October 4, 2007, at approximately 12 noon, I received a telephone call from an individual who identified himself as Adel Nabile, and stated that he "managed the building for Ms. Kusum." Mr. Nabile stated that he was in possession of the papers, and provided me with his telephone number and an address on Jericho Turnpike in Mineola. In the cordial conversation which followed, Mr. Nabile stated that he had been trying to evict the drug dealers from 546 West 148th Street, and had asked for help from the City and received none. He added that he was glad Plaintiff sued everyone. I responded that we could and should all work together to resolve the problem. Mr. Nabile promised to take the court papers to an attorney that very evening.

5. Subsequently, when I received no papers responsive to the Order to Show Cause on behalf of either Ms. Kusum or Mr. Ali, I telephoned Mr. Nabile and left a message. I received no return phone call.

6. As regards service on defendant Wells Fargo Bank, I placed the same foregoing papers for service with John Bernasconi, a San Francisco-based paralegal whom I have known for years. Mr. Bernasconi informed me that he timely served the papers on Wells Fargo Bank's Legal Department, and alerted a receptionist to the presence of an Order to Show Cause requiring a lawyer's immediate attention. The details of service are recounted more completely in Mr. Bernasconi's own declaration re service.

7. Although Wells Fargo Bank was timely served with the Order to Show Cause and related papers, I received no response to the Order to Show Cause from Wells Fargo, nor any other communication from Wells Fargo.

8. Based on the foregoing, I believe that both individual defendants Kusum and Ali, and Defendant Wells Fargo Bank, received actual notice of this Court's Order to Show Cause, and elected to file no opposition. Accordingly, this Court should enter a Preliminary Injunction against Kusum, Ali, and Wells Fargo Bank, requiring them to immediately abate the nuisance at 546 West 148thst Street, New York, New York.

The foregoing facts are true and correct of my personal knowledge. This declaration was executed under penalty of perjury of the laws of the United States and the State of New York, in New York, New York, on October 14, 2007.

_____
Violet Elizabeth Grayson