*V. Elizabeth Grayson*
*Scarola, Ellis LLP*
*888 Seventh Avenue - 45th Floor*
*New York, N.Y., 10106*
*(646) 406-1512*

October 23, 2007

Honorable Alvin K. Hellerstein
United States Courthouse
500 Pearl Street
New York, New York

<u>Re: Doe v. Kusum; 07 Civ. 8479 (AKH)</u>

Dear Judge Hellerstein:

 I am counsel for Plaintiff in the above captioned case, and write in answer to this Court's question, posed at oral argument, as to whether this Court may order New York City to commence nuisance abatement proceedings.

 The Complaint in this action alleges that the City of New York has engaged in racial discrimination, in violation of the Equal Protection Clause of the United States Constitution, by systematically discriminating against neighborhoods dominated by persons of color in its provision of nuisance abatement services. If Plaintiff proves this allegation to the satisfaction of the Court, then the Court will enjoy broad discretion to order the City to commence nuisance abatement proceedings, or otherwise fashion a remedy for the constitutional violation.

 The notorious case of *United States and NAACP v. Yonkers,* played out in this very courthouse, amply illustrates the power of a district judge to fashion a remedy for racially discriminatory conduct on the part of a municipality. After concluding that the City of Yonkers deliberately promoted racial segregation with respect to both public housing and public schools, Judge Sand of this Court ordered the City to, *inter alia*, designate sites in East Yonkers for 200 units of public housing and submit plans to the Department of Housing and Urban Development. The Second Circuit affirmed, observing that "the orders fashioned by the district court to remedy the housing and school

1

segregation in Yonkers were well within the bounds of discretion." (*United States and NAACP v. Yonkers,* 837 F.2d 1181, 1236 (1987) )

Similarly, in *Griffin v. Prince Edward County School Board,* 377 U.S. 218, 233 (1964), the United States Supreme Court held that a District Court could require a county to levy taxes to fund public schools to remedy an equal protection violation. In *Swann v. Charlotte-Mecklenburg Board of Education,* 402 U.S. 1 ((1971), the United States Supreme Court upheld the power of a District Court to order school redistricting, busing, and teacher reassignment, to effect desegregation. In *United States v. Paradise*, 480 U.S. 149 (1987), the United States Supreme Court upheld the power of a District Court to order the State of Alabama to promote black state troopers.

The bottom line is that if this Court, following discovery and the presentation of evidence, is satisfied that the City of New York has violated the United States Constitution, if may order the City of New York to commence nuisance proceedings, or otherwise fashion a remedy to fit the violation. As Justice Powell observed concurring in *Franks v. Bowman,* 424 U.S. 747, upholding an order of the District Court requiring retroactive seniority awards to remedy employment discrimination:

> The essence of equity jurisdiction has been the power of the Chancellor to do equity and mould each decree to the necessities of the particular case. Flexibility rather than rigidity has distinguished it. The qualities of mercy and practicality have made equity the instrument for nice adjustment and reconciliation between the public interest and private needs as well as between competing private claims.

(*Franks, supra,* 424 U.S. at 476, Powell, J. and Rehnquist, C.J. concurring.)

Plaintiff is confident that if he prevails on the merits against the City and/or the Owner Defendants, this Court will exercise its equitable powers to fashion an appropriate and effective remedy.

Respectfully submitted,

V. Elizabeth Grayson

Cc: Louise A Moed, Esq.