Violet Elizabeth Grayson (VEG-2792)
Scarola, Ellis LLP
888 Seventh Avenue – 45th Floor
New York, N.Y 10106
(646) 406-1512

Attorney for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X
John Doe,                                : ECF Case
                                         : No. 07 Civ. 8479 (AKH)
            Plaintiff,                   :
                                         : DECLARATION OF
                                         : VIOLET ELIZABETH
                                         : GRAYSON
      -against-                          : IN SUPPORT OF MOTION
                                         : FOR ENTRY OF DEFAULT
Aleya A. Kusum, Ali Shariff,             : AND DEFAULT
Wells Fargo Bank, NA, and                : JUDGMENT
New York City,                           :
                                         :
                                         :
            Defendants.                  :
------------------------------------------------------------X

I, Violet Elizabeth Grayson declare:

1. I am a member of the Bar of this Court and counsel of record for Plaintiff herein. I make this declaration in support of Plaintiff's motion for entry of default and default judgment.

2. Defendants Aleya A. Kusum and Ali Shariff are neither infants nor incompetents. They were served with the summons and complaint in this case on October 4, 2007. From that day to this, they have failed to file or serve any answer or other response to the Complaint. A Clerk's Certificate of Default was entered on October 29, 2007. A true copy of same is annexed hereto as Exhibit A.

1

3. Plaintiff now moves the Court to enter the defaults of Defendants Aleya A. Kusum and Ali Shariff, and to enter judgment against them and in favor of Plaintiff in the dollar amount of $500,000, consistent with the damages alleged in the Verified Complaint. A copy of the Verified Complaint is annexed hereto as Exhibit B.

4. A proposed form of Default Judgment is annexed hereto as Exhibit C.

5. To the extent the Complaint herein was verified, and the proposed Default Judgment seeks only the minimum amount of dollar damages demanded in said Complaint, it may be appropriate for the Court to order the Clerk to enter the Judgment without further proceedings. If however, the Court believes that an inquest is required, plaintiff respectfully requests the Court to set an inquest date.

The foregoing facts are true and correct of my personal knowledge. This declaration was executed under penalty of perjury of the laws of the United States and the State of New York, in New York, New York, on March 18, 2008.

_____
Violet Elizabeth Grayson

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------x

John Doe

                              Plaintiff,         07 Civ. 8479 (AKH)

       - against -                    **CLERK'S CERTIFICATE**

Aleya A. Kusum, Ali Shariff
and Wells Fargo Bank
                              Defendant
----------------------------------------x

       I, J. MICHAEL MCMAHON, Clerk of the United States District Court for the Southern District of New York, do hereby certify that this action commenced on _10/01/07_ *(date)* with the filing of a summons and complaint, a copy of the summons and complaint was served on defendant by serving _defendants Aleya A. Kusum and Ali Shariff by serving Husain an adult of suitable age and discretion residing at the residence of Kusum and Shariff, located at 8716 Homelawn Street, Jamaica, N.Y. on 10/4/07_ and proof of such service thereof was filed on _10/29/2007_.

       I further certify that the docket entries indicate that the defendant has not filed an answer or otherwise moved with respect to the complaint herein. The default of the defendant is hereby noted.

Dated:  New York, New York
          _October 29, 2007_

                                                  **J. MICHAEL MCMAHON**
                                                  Clerk of the Court

                              By: _____
                                         Deputy Clerk

SDNY Web 10/2002

# EXHIBIT B

*Judge Hellershein*

Violet Elizabeth Grayson (VEG-2792)
Scarola, Ellis LLP
888 Seventh Avenue – 45th Floor
New York, N.Y 10106
(646) 406-1512

Attorney for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X
John Doe,                                : No. 07 Civ. 8479 (AH)
                                         :
            Plaintiff,                   : VERIFIED
                                         : COMPLAINT
     -against-                           :
                                         : JURY TRIAL DEMANDED
Aleya A. Kusum, Ali Shariff,             :
Wells Fargo Bank, NA, and                :
New York City,                           : REQUEST FOR TRO
                                         : AND PRELIMINARY
                                         : INJUNCTION
            Defendants.                  :
------------------------------------------------------------X

Introduction

1. This action involves a "crack house" located at 546 West 148th Street in West Harlem, New York, New York (hereafter the "Crack House"). This dilapidated brownstone is not merely a busy venue for sale of narcotics, but also harbors violent criminals. A man was beaten to death in broad daylight in the Crack House on September 21, 2007.

2. Plaintiff, owner of a nearby building, sues the owners of the Crack House for public and private nuisance. He sues New York City (the "City") for failing to take the

steps necessary to abate the nuisance, because the City has a tacit policy and practice of turning a blind eye to nuisances of this sort in neighborhoods dominated by people of color.

Parties, Jurisdiction and Venue

3. "John Doe" is a pseudonym for Plaintiff. Plaintiff brings this action under said pseudonym because he is fearful that if his true identity is revealed, there will be reprisals against his building and tenants. Plaintiff stands ready and willing to reveal his true identity to the Court *in camera*.

4. Plaintiff is in fact a natural person and professional real estate investor. He is a citizen and resident of the State of Washington. He owns a building located on the same city block as the Crack House.

5. Defendants Aleya A. Kusum ("Kusum") and Ali Shariff ("Shariff") are, upon information and belief, natural persons, citizens of the State of New York, and residents of Jamaica, Queens, New York. They are, upon information and belief, the owners of the Crack House.

6. Defendant Wells Fargo Bank, NA. ("Wells Fargo") is, upon information and belief, a national banking association organized under the laws of the State of South Dakota with its principal place of business in California. Wells Fargo Bank is, upon information and belief, the mortgage lender for the Crack House. It is possible that Wells Fargo has foreclosed upon, or is in the process of foreclosing upon, the Crack House.

7. Defendant New York City (the "City") is, upon information and belief, a municipal corporation organized under the laws of the State of New York.

8. Plaintiff invokes this Court's diversity jurisdiction as there exists complete diversity between plaintiff and all named defendants, and the amount in controversy exceeds $500,000. Plaintiff also invokes this Court's federal question jurisdiction as the complaint states claims under 42 U.S.C section 1983 and the United States Constitution.

9. Venue is properly laid in the Southern District of New York because all of the tortious conduct complained of herein occurred and is occurring within the Southern District.

### Facts

10. The Crack House is a cauldron of crime. Narcotics sales proceed apace day and night. A "steerer" facilitates customers' entry into the Crack House. When the steerer is unavailable, customers bang on the door demanding admittance. Customers also openly stand on the stoop of the Crack House squabbling with one another, and complaining "my bag is short."

11. The criminal activity at the Crack House is not limited to non-violent, victimless crime. The Crack House provides a haven for violent criminals including rapists and murderers. Plaintiff is informed and believes that an individual responsible for raping a Columbia or Barnard College undergraduate was harbored in the Crack House. On or about August 29, 2007, a police SWAT team removed a violent fugitive from the crack house. On September 22, 2007, the Crack House Steerer, one "Boo" Diggs, was beaten to death in the Crack House, apparently by a prior denizen of the Crack House who was released from custody.

12. Violence from the Crack House is not always contained within its four walls, and sometimes spills out onto the street; a shooting occurred on the street outside the Crack House earlier this year.

13. Plaintiff is concerned that the level of violence at the Crack House is presently escalating due to dissension amongst the various criminals controlling the Crack House, as demonstrated and aggravated by the murder of the Steerer Diggs on September 22, 2007. This poses the danger that violence will spill out of the Crack House onto the street on a more and more frequent basis.

14. The Crack House poses a danger to the community not only because it is a cauldron of crime, but also because it is physically dilapidated to the point that it is a fire and sanitary hazard. According to a police officer who has frequently visited the Crack House in pursuit of criminals, it is heated with illegal kerosene burners which could catch fire or explode at any time. Additionally, the drains do not work properly, and the Crack House sometimes stinks of sewage. New York City Building Department records reflect literally dozens of open violations for the Crack House.

15. Defendants Kusum, Shariff, and Wells Fargo (hereafter collectively "the Owners" or the "Owner Defendants") have taken no action to abate the illegal activities and conditions set forth above, tolerate and facilitate such illegal activities and conditions, and benefit financially from the on-going existence and operation of the Crack House. This conduct on the part of the Owner defendants evidences a wanton, willful, and reckless disregard for public safety and the rights and well-being of Crack House neighbors.

### First Cause of Action Against the Owner Defendants For Public Nuisance

16. Plaintiff repeats and incorporates by reference the allegations of paragraphs 1-15 herein.

17. The Crack House is a public nuisance *per se* because it is the site of on-going criminal activity, and poses an unreasonable danger to everyone in the vicinity. It is gravely detrimental to the public health and safety both because of the criminal activity it harbors and because of its physical condition.

18. Plaintiff is specially harmed by the public nuisance due to the close physical proximity of the building he owns to the Crack House. On August 26, 2007, members of the police SWAT team extracting a violent fugitive from the Crack House went through Plaintiff's tenants' apartment to gain access to the warren of backyards on the block, surround the Crack House, and position snipers. Plaintiff's Building Manager is regularly accosted by Crack House personnel, as well as persons seeking to buy narcotics, and law enforcement officers pursuing fugitives. People from the Crack House have dumped garbage in front of Plaintiff's building, resulting in Plaintiff being fined by Defendant City.

19. Conditions at the Crack House inflict substantial economic harm upon Plaintiff. The presence of the Crack House in the immediate vicinity of Plaintiff's building reduces the value of Plaintiff's building by at least $500,000. Furthermore, Plaintiff's ability to find suitable tenants at market rate rents is significantly impaired by the presence of the Crack House, and Plaintiff is further concerned that he may incur liability if his tenants are injured or robbed by persons associated with the Crack House.

Second Cause of Action Against the Owner Defendants for Private Nuisance

20. Plaintiff repeats and incorporates by reference the allegations of paragraphs 1-18 herein.

21. As previously set forth herein, the Owner Defendants' intentional, reckless, or negligent maintenance of their real property (the Crack House) in an unreasonably dangerous (not to mention unsightly) condition has interfered with Plaintiff's peaceful enjoyment of his real property, interfered with his economic use of his real property, and reduced the value of his real property.

Third Cause of Action Against Defendant New York City – 42 USC Section 1983

22. Plaintiff repeats and incorporates by reference the allegations of paragraphs 1-21 herein.

23. Plaintiff, through his counsel, has written letters to numerous City officials seeking abatement of the Crack House nuisance, and received no reply. Although defendant City has intermittently sent police officers and building inspectors to the Crack House, it has not taken the steps necessary to terminate the unreasonably dangerous and illegal conditions on-going at the Crack House. Specifically, the City (and the City alone) has the power to expeditiously close down the Crack House pursuant to New York City Administrative Code sections 10-155 and 10-156 (the "Padlock Law") which provides for closure of buildings with repeated drug-related arrests. New York City also has the power to condemn and close the Crack House pursuant to New York City Administrative Code sections 7-701 et seq. ("Public Nuisance Law"), which covers both the crime and the building code violations.

24. Regrettably, defendant City has failed to act to close the Crack House under either of the above laws. This is due to Defendant City's tacit policy and pattern and practice of allowing public nuisances of the Crack House type to persist in neighborhoods, such as West Harlem, dominated by people of color. In City neighborhoods with predominantly Caucasian populations, the City acts far more expeditiously to abate nuisances, whether they consist of crime, noise or building desolitude. If the Crack House were located on East 73rd street between Fifth and Madison Avenues, the City would not allow it to operate for fifteen minutes.

25. The City's disparate treatment of public nuisances located in neighborhoods such as West Harlem, with predominantly non-white populations, on the one hand, and public nuisances located in neighborhoods with predominantly white populations, on the other, as set forth in the preceding paragraph, constitutes a violation of the Federal Constitutional Rights of the residents and property owners in the predominantly non-white areas, effected under color of law.

26. The foregoing unconstitutional policy and pattern and practice of unconstitutional conduct, on the part of Defendant City, has inflicted serious economic damage upon Plaintiff in an amount exceeding $500,000.

### Fourth Cause of Action Against Defendant City – Fifth and Fourteenth Amendment <u>Bivens</u> Claim

27. Plaintiff repeats and incorporates by reference the allegations of paragraphs 1-26 herein.

28. Defendant City's disparate treatment of public nuisances based upon the racial makeup of the neighborhood in which they are located, as set forth above, violates Plaintiff's right to equal protection under the United States Constitution.

29. Said constitutional violation has inflicted economic injury upon Plaintiff in a dollar amount of not less than $500,000.

WHEREFORE PLAINTIFF PRAYS FOR JUDGMENT AS FOLLOWS:

### ON THE FIRST AND SECOND CAUSES OF ACTION FOR NUISANCE AGAINST THE OWNER DEFENDANTS

1) Preliminarily and permanently enjoining and abating the nuisance described herein;

2) Awarding compensatory damages to Plaintiff according to proof in an amount not less than $500,000;

3) Awarding punitive damages according to proof;

4) Awarding fines and punitive damages to Plaintiff and against the Owner Defendants in the event that the Owner Defendants fail to comply with any Court Order requiring nuisance abatement;

5) Divesting the Owner Defendants of ownership and control of the Crack House.

## ON THE THIRD AND FOURTH CAUSES OF ACTION AGAINST DEFENDANT CITY

1) Requiring Defendant City to immediately commence, and pursue with diligence and all deliberate speed, the remedies available under New York City Administrative Code sections 10-155 and 10-156, 7-701 et seq., and any other applicable law, to effect a complete vacation and closure of the Crack House;

2) Requiring the City to provide the immediate vicinity of the Crack House with continuous police protection pending its vacation and closure, so as to end the traffic in narcotics and violent crime forthwith, and prevent retaliation against the persons responsible for this lawsuit;

3) Awarding compensatory damages according to proof;

4) Awarding fines and punitive damages against Defendant City and in favor of Plaintiff in the event that the City fails to comply with any Court order.

## AS TO ALL CAUSES OF ACTION

Awarding attorney's fees and costs, if and as allowed by law, and such other and further relief as this Court may deem just and proper.

Dated: September 28, 2007

Respectfully submitted,

By: _____
Violet Elizabeth Grayson (VG-2792)
Scarola, Ellis, LLP
888 Seventh Avenue – 45th Floor
New York, New York 10106
(646) 406-1512

Attorney for Plaintiff

## Verification

I, Jim Roe declare:

1. I am the Resident Manager of Plaintiff's building located on the 500 block of West 148th Street in West Harlem, New York, N.Y.

2. Jim Roe is not my true name. I use this pseudonym to protect my identity and prevent retaliation. I will gladly reveal my true name and identity to the Court *in camera.*

3. I am intimately familiar with the facts and circumstances described in the foregoing Complaint. The facts therein are true of my personal knowledge, except as to those facts alleged on information and belief, which I believe to be true.

Executed under penalty of perjury of the laws of the State of New York and the United States in New York, New York on September 28, 2007.

_____
Jim Roe

# EXHIBIT C

Violet Elizabeth Grayson (VEG-2792)
Scarola, Ellis LLP
888 Seventh Avenue – 45th Floor
New York, N.Y 10106
(646) 406-1512

Attorney for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X
John Doe,                                       :         No. 07 Civ. 8479 (AH)
                                                :
           Plaintiff,                          :
                                                :         [Proposed]
    -against-                                  :         JUDGMENT
                                                :
Aleya A. Kusum and Ali Shariff,                 :
                                                :
           Defendants.                         :
------------------------------------------------------------X

Defendants Aleya A. Kusum and Ali Shariff, and each of them, having been served with the summons and complaint in this action, and having failed to answer or otherwise respond to the Complaint, and good cause appearing, judgment is hereby entered in favor of plaintiff John Doe, a/k/a Robert Scott Park, M.D, and jointly and severally against defendants Aleya A. Kusum and Ali Shariff in the amount of $500,000.

So Ordered:

Dated: March _____, 2008

                                                  Honorable Alvin K. Hellerstein
                                                  United States District Court Judge
                                                  Southern District of New York